ALD-140                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1416
_____

IN RE:  NATE SWINT,
                                               Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 94-cr-00276)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 17, 2011

Before: SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed:  April 4, 2011 )
_____

OPINION
_____

PER CURIAM

        Nate Swint filed this pro se petition for a writ of mandamus seeking an order

compelling the District Court to reconsider his sentence under the Sentencing Reform Act

of 1984 and United States v. Booker, 543 U.S. 220 (2005).  For the reasons that follow,

we will deny the petition.

        Swint was convicted of federal drug offenses and sentenced in 1996 to life in

prison (two terms of life and two terms of 250 months, to be served concurrently).  This

Court affirmed in 1997, and the Supreme Court denied certiorari in 1998. Swint next filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which the District Court denied in 2000. Since then, Swint has filed numerous unsuccessful challenges to his sentence.

He recently filed a "Letter/Motion Seeking Review of Sentences in Accordance with 18 U.S.C. § 3557," which the District Court denied in December 2010 on the basis that the cited statute governs appeals of final sentences and Swint had already had such an appeal more than a decade ago. Swint then filed motions for reconsideration of the District Court's order, as well as the 1996 judgment. The District Court denied these motions in January 2011, noting that they both were based on United States v. Booker and that this Court has held that Booker does not apply retroactively on collateral review to cases where the judgment was final as of the date Booker issued (January 12, 2005). See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005). Swint then filed this mandamus petition, which he alternately styled as a notice of appeal from the District Court's orders of December 2010 and January 2011. He also moves to stay the appeal, which was docketed at C.A. No. 11-1396, pending a decision on the mandamus petition.

Swint seeks an order compelling the District Court to "conform to its jurisdiction under the [Sentencing Reform Act]" and "review/reconsider for the reasonableness-range, of his sentence [sic]." Pet. at 5. He argues that the District Court erred in denying his motions and that the court is "lost as to how [to] remedy pre-Booker errors under the [Sentencing Reform Act]." Id. at 9. He also asks this Court to "give guidance" on this

2

issue.  Id.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means" to obtain the relief desired.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  To the extent that Swint seeks to have the District Court consider his arguments about his sentence, we note that the District Court has already ruled on his motions.  To the extent that Swint contends that the District Court erred by denying his motions and seeks this Court's review, Swint has other adequate means to obtain that relief:  an appeal from the District Court's orders.  Swint has already availed himself of this means for seeking relief, and he may not use a mandamus petition as a substitute for the regular appeals process.  See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Accordingly, we will deny the petition.  The motion for a stay is denied.